Johnson *v.* Stevens.

Rev. Sts. *c.* 90, § 43; *Sibley* v. *Smith*, 19 Pick. 547; *Smith* v. *Stearns*, 19 Pick. 20; *Crossman* v. *Crossman*, 21 Pick. 25; *Hawes* v. *Langton*, 8 Pick. 71; *Barker* v. *Taber*, 4 Mass. 81

*H. W. Taft*, for the plaintiff.

BENJAMIN F. JOHNSON *vs.* MOSELEY W. STEVENS.

A release to a tenant in common from his co-tenants, of their interest in a specific part of the land held in common, confirms a conveyance previously made by him of that part of the land

The first mortgagee of land may sell on execution, to satisfy the mortgage debt, the mortgagor's right to redeem a second mortgage of the same land.

THIS was a writ of entry; and the case was submitted to the court, upon the following statement of facts:

The demanded premises were originally a part of a tract of land, in Pittsfield, owned in common by the tenant and other heirs of one Abner Stevens, deceased. Said heirs, on the 23d of March, 1846, entered into a written agreement that the tenant should erect a house and shop on the demanded premises, and that when partition was made, the demanded premises should be assigned to the tenant, as his share of the land so held in common. The tenant accordingly erected his house and shop upon the demanded premises, before any partition was made, or conveyance by the other heirs to the tenant, of the demanded premises. The tenant, on the 26th of May, 1847, conveyed the east part of the demanded premises, upon which the shop stands, by metes and bounds, to one Fairfield, in mortgage, conditioned to secure the payment of a note for $400, signed by the tenant as principal, and one Root as surety. On the 27th of June, 1849, the other heirs of Abner Stevens, released all their title in the demanded premises to the tenant; and on the 10th of July, 1849, he mortgaged the whole of the demanded premises, both house and shop, to one Merrill. On the 23d of November, 1850, Fairfield recovered judgment on his note against the tenant and Root, and execution was duly issued thereon, and on the 8th of April, 1850, levied upon the equity of redemption which the tenant had in the demanded premises; and the same was afterwards sold and conveyed by the sheriff to the plaintiff, by a deed dated the 21st of January, 1851, which describes the premises conveyed in the mortgage to Merrill, and was duly acknowledged and recorded. At the time of the sale, the sheriff stated the amount of the incumbrances to be the amount of the Merrill mortgage, he supposing that to be the only incumbrance on the estate.

The tenant contends, upon the foregoing facts, that the sale of the equity was illegal, and that nothing passed by the sheriff's deed to the plaintiff. The demandant contends that the sale was valid and effectual to transfer to him the right of re-

deeming the whole of the demanded premises, or, at least, that portion of the demanded premises not embraced in the mortgage to Fairfield. If the court are of opinion, that the demandant is entitled to recover a part or the whole of the demanded premises, judgment is to be rendered for him accordingly; otherwise, the demandant is to become nonsuit.

*J. D. Colt*, for the demandant.

*E. Merwin*, for the tenant.

The opinion was delivered at September term, 1852.

METCALF, J. Although the tenant, when he made the mortgage to Fairfield, by metes and bounds, did not thereby affect the title of his co-tenants, yet their subsequent release to him operated as a confirmation of Fairfield's title to so much of the premises now demanded as was included in that mortgage, and also enabled the tenant to make a valid mortgage of the whole of these premises, by metes and bounds, to Merrill. Both mortgages are, therefore, to be regarded as having been valid against all persons. And the only question now is, whether Fairfield, having recovered judgment on the note, which was secured by his mortgage, could legally sell, on execution, the tenant's right of redemption in the demanded premises. In other words, the question may be simply stated thus: Can the first mortgagee of land sell, to satisfy the mortgage debt, the mortgagor's right to redeem a second mortgage of the same land? We are of opinion that he may.

The defence of the tenant is rested on the cases of *Atkins* v. *Sawyer*, 1 Pick. 351, and *Washburn* v. *Goodwin*, 17 Pick 137, in which it was decided that neither a mortgagee nor his assignee can sell the equity of redemption in the property mortgaged, for the purpose of satisfying the mortgage debt. The courts of other states have made similar decisions. *Camp* v. *Coxe*, 1 Dev. & Bat. 52; *Goring's Executrix* v. *Shreve*, 7 Dana, 64; *Waller* v. *Tate*, 4 B. Monr. 529. See also *Tice* v. *Annin*, 2 Johns. Ch. 125.

One ground of the decision in *Atkins* v. *Sawyer* was, that if the sale were held valid, its operation would be repugnant to the statute regulating the foreclosure of mortgages; as it would enable the mortgagee, at his pleasure, to reduce the

mortgagor's right of redemption from three years to one. In the language of Parker, C. J., 4 Pick. 135, the court were of opinion that a mortgagee " holds the land, by contract, in such a manner as to give the mortgagor certain legal rights as to the time and manner of defeating his estate, and therefore he ought not to be allowed to resort to process against the same land, which will necessarily abridge those rights." But it was ' decided, in *Crane* v. *March*, 4 Pick. 131, that the holder of a negotiable note, secured by mortgage, and indorsed by the mortgagee, without an assignment of the mortgage, might lawfully sell the mortgagor's equity of redeeming the mortgaged land, to satisfy a judgment recovered on the note. It was said by the court, in that case, that the mortgagor might be subject to some of the inconveniences suggested in *Atkins* v. *Sawyer*, but that they were of his own creation, as they arose out of the form of the contract, which he chose to make, by giving a negotiable note, instead of a bond which could be sued only in the name of the mortgagee. In the present case, the mortgagor, (the tenant,) by his own act, created a new equity of redemption, partly in the land previously mortgaged to Fairfield, and partly in other land. No part of this new equity was the subject of any contract between Fairfield and the tenant. The contract between Fairfield and the tenant, which the former is not permitted to violate, extends only to the right of the latter to redeem the first mortgage. And Fairfield might sell that right, for the purpose of satisfying any other debt, besides the one secured by that mortgage, and might also satisfy the mortgage debt by a sale of any property of the tenant, except that same equity of redemption which he contracted not to sell for that purpose. The right of redeeming the first mortgage, and the right of redeeming the second, are distinct rights, and not the same. See *Reed* v. *Bigelow*, 5 Pick. 281, 284.

In *Atkins* v. *Sawyer*, the mortgagor's relation to the mortgaged premises remained the same, at the time of the sale of the equity, as it was at the time when the mortgage was made. He had done no act which changed, or in any way affected, his estate or his right of redeeming it, or the contract between him and the mortgagee.

The legal consequence of deciding that this demandant can-
not recover, would be, that a mortgagor, by giving a second
mortgage of the same land, to a different person, and includ-
ing in it other land also, might place a part of his property,
which the first mortgagee might otherwise resort to for satis-
faction of the mortgage debt, out of the reach of such mort-
gagee. For when a mortgage is made of different tracts of
land, we know of no law by which the equity of redeeming
one of the tracts only can be sold.

*Judgment for the demandant.*